No. 1632.—HENRY HEUCHERT *v.* JACQUES BARRERE.

A lumber dealer cannot recover from the proprietor, who is having a building erected under contract, the price of lumber which he has furnished to the builder, unless he shows that the proprietor is indebted to the builder.

APPEAL from the Second Judicial District Court, parish of Jefferson. *Dugué*, J. *V. H. Ivy* and *N. Commandeur*, for plaintiff and appellee, *C. Dufour* and *J. Duvigneaud*, for defendant and appellant.

TALIAFERRO, J. This is an action brought by a furnisher of building material against the proprietor to compel him to pay the value of lumber and other articles furnished the architect to erect a building. The plaintiff had judgment in his favor, and the defendant has appealed.

Barrére, the defendant and proprietor, entered into a contract with Maurel, the undertaker, to build a stable of certain specified dimensions, and the contract was entered into before a notary and duly recorded. The plaintiff furnished under contract with Maurel, material to the value of $853 92, to be used in the construction of the building. Barrére was to pay the undertaker $1750 for the work, and did pay him half the amount in advance, the other half to be paid when he finished the job. Maurel violated the contract by commencing to construct a much larger building than the one intended by the contract. He discontinued the work before completing it, and the plaintiff put him in delay by a written notice to comply with his agreement. Maurel in entering into the contract gave sureties for the performance of his part of it. It does not seem that the defendant ever took any further measures to recover damages from Maurel. The latter gave the plaintiff an order on the defendant for $600, which he

refused to pay, and on several occasions he declared that he owed $——, which he would pay when the work was completed according to contract.

The furnisher of material in this instance contracted with the builder or undertaker. The undertaker violated his contract with the owner. He had received one-half the price of the work before he commenced it. We cannot from the evidence in the case conclude that the owner owes the builder anything, and therefore that the plaintiff has no recourse upon the owner to enforce against him the payment of the builder's debt to the plaintiff.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be annulled, avoided and reversed. It is further ordered that this case be dismissed as of non-suit, the plaintiff and appellee paying costs in both courts.